**Charles J. TITTLE, Plaintiff—Appellant,**

v.

**Dorothy D. BOTTORFF–TITTLE; et al., Defendants—Appellees.**

No. 04–56273.

D.C. No. CV–04–00521–CJC.

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2005.*

Decided May 16, 2005.

Charles J. Tittle, Huntington Beach, CA, pro se.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Paul N. Jacobs, Jacobs & Dodds, Newport Beach, CA, D.L. Helfat, Deputy Atty. Gen., AGCA—Office of The California Attorney General, Los Angeles, CA, Glen A. Stebens, Cassidy, Warner, Brown, Combs & Thurber, Santa Ana, CA, for Defendants–Appellees.

Before PREGERSON, CANBY and THOMAS, Circuit Judges.

## MEMORANDUM**

Charles J. Tittle appeals pro se the district court's dismissal with prejudice for lack of subject matter jurisdiction under the *Rooker–Feldman* doctrine of his § 1983 civil rights action against his former wife Dorothy, the Superior Court of Orange County, Orange County, and the State of California, arising from their divorce proceedings in state court. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review de novo a dismissal for lack of subject matter jurisdiction, *see Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir.2003). We affirm.

We conclude that the claims raised by Tittle in his § 1983 action are "inextricably intertwined" with the state court decisions rendered in relation to the Tittles' marriage dissolution proceedings such that the adjudication of the federal claims would undercut those state court rulings. *Id.* (noting that *Rooker–Feldman* "prevents federal courts from second-guessing state court decisions"). Accordingly, the district court properly dismissed the complaint for

lack of subject matter jurisdiction. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* —— U.S. ——, 125 S.Ct. 1517, 1521–22, 161 L.Ed.2d 454 (2005) (holding that *Rooker–Feldman* applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court's proceedings commenced and inviting district court review and rejection of those judgments").

All pending motions and requests are denied as moot.

**AFFIRMED.**